**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| ROy McGEE, MARY McGEE, ) | |
| DANIEL ISAIAH McGEE, ) | |
| Plaintiffs, ) | |
| vs. ) | No. 3:16-CV-200-B-BH |
| ) | |
| KENDRICK ISIAH, ) | |
| PAULA G. LAWRENCE, ) | |
| Defendants. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this *pro se* case has been automatically referred for pretrial management. Based on the relevant filings and applicable law, the case should be dismissed without prejudice.

**I. BACKGROUND**

On January 25, 2016, Roy McGee (Plaintiff) filed a *pro se* complaint against the defendants that was only signed by him, but that also lists Mary McGee and Daniel Isaiah McGee as plaintiffs. (*See* doc. 2.) Plaintiff also submitted a motion for leave to proceed *in forma pauperis* that was only signed by him and only contained financial information for him. (*See* doc. 4.) After granting him leave to proceed *in forma pauperis*, the Court sent him a questionnaire ("MJQ") on January 28, 2016, to obtain more information about his claims. The questionnaire specifically advised Plaintiff that his answers to the questions were due within fourteen days, and that a failure to file his answers could result in the dismissal of his case. *Id.* More than fourteen days from the date of the questionnaire have passed, but Plaintiff has not filed his answers or anything else in this case.

The Court also sent Plaintiff a *Notice of Deficiency and Order* on January 28, 2016, that stated in relevant part:

Roy McGee may not bring this *pro se* case on behalf of Mary McGee and Daniel Isaiah

> McGee. If Mr. McGee wishes to pursue any claims on his own behalf, he must file an amended complaint under his own signature that sets out only his own personal claims. If Mary McGee and Daniel Isaiah McGee wish to pursue any claims, each must also file a complaint under her or his own signature. In the alternative, Roy McGee, Mary McGee, and Daniel Isaiah McGee may jointly file an amended complaint that is signed by all three plaintiffs and that sets out the claims of each plaintiff. *See* Fed. R. Civ. P. 11(a) (requiring that each party proceeding *pro se* sign each pleading, motion, or other paper filed by that party). A copy of the complaint Roy McGee submitted is enclosed for the parties' convenience. **Any amended complaint(s) must be filed within fourteen (14) days of the date of this order.**

(*See* doc. 7.) The *Notice* further stated:

> If Daniel Isaiah McGee is a minor child, Mr. McGee may not bring suit on his behalf. Although Fed. R. Civ. P. 17(c) permits a parent or guardian to sue on behalf of an infant or incompetent person in certain circumstances, a guardian or parent may not file and prosecute an action on behalf of a minor child without legal representation for the child...Mr. McGee must retain legal counsel for this action to proceed on behalf of any minor child. If counsel has not entered an appearance on behalf of any minor child within **FOURTEEN (14)** days from the date of this order, it will be recommended that any claims on behalf of the minor child be dismissed.

(*Id.* at n. 1.) More than fourteen days from the date of the *Notice* have passed, but neither Mary McGee nor Daniel Isaiah McGee have filed a complaint under his or her own signature, and the plaintiffs have not filed a joint amended complaint that has been signed by all parties. Nor has an attorney entered an appearance on behalf of Daniel Isaiah McGee, to the extent that he is a minor.

## II. CLAIMS OF PLAINTIFF

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Plaintiff failed to comply with the January 28, 2016 order that he submit his answers to the questionnaire within

fourteen days despite a warning that failure to do so could result in dismissal of his case. Nor has he filed anything else. Because he failed to follow a court order or otherwise show that he intends to proceed with his case, his claims should be dismissed under Rule 41(b) for failure to prosecute or follow orders.

### III. CLAIMS OF MARY MCGEE AND DANIEL ISAIAH MCGEE

"In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C.A. § 1654. "[I]ndividuals who do not have a law license may not represent other parties in federal court even on a next friend basis", however. *Weber v. Garza,* 570 F.2d 511, 514 (5th Cir.1978); *see also Guajardo v. Luna,* 432 F.2d 1324 (5th Cir.1970) (holding that only licensed lawyers may represent others in federal court). A guardian or parent may not file and prosecute an action on behalf of a minor child without legal representation for the child. *See Martin v. Revere Smelting & Refining Corp.*, No. 3:03-CV-2589-D, 2004 WL 852354, at *2 (N.D. Tex. Apr. 16, 2004) (recommendation of Mag. J. discussing cases), *adopted in part by* 2004 WL 1161373 (N.D. Tex. May 24, 2004); *see also Francine v. Dallas Independent School Dist.*, No. 3:02-CV-1853-P, 2003 WL 21501838, *3 (N.D. Tex. June 25, 2003) (discussing cases). The Fifth Circuit has stated that "individuals not licensed to practice law by the state may not use the 'next friend' device as an artifice for the unauthorized practice of law". *Weber,* 570 F.2d at 514.

By *Notice* issued January 28, 2016, Plaintiff was advised that he could not proceed with this action on behalf of Mary McGee and Daniel Isaiah McGee, and that dismissal of their claims would be recommended if either did not file a complaint under his and her signature, or if the plaintiffs did not jointly file an amended complaint that was signed by all within fourteen days. (*See* doc. 7.) The

order also advised that to the extent that Daniel Isaiah McGee was a minor, legal counsel was required to prosecute his claims. Mary McGee nor Daniel Isaiah McGee have not filed a complaint under his or her own signature, and the plaintiffs have not filed a joint amended complaint that has been signed by all parties. Nor has an attorney entered an appearance on behalf of Daniel Isaiah McGee, to the extent that he is a minor. Because neither Mary McGee nor Daniel Isaiah McGee has shown that he or she intends to prosecute his or her own claims in this case, and Plaintiff may not prosecute the complaint on their behalf, their claims are subject to dismissal.

## IV. RECOMMENDATION

Plaintiff's claims should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless he submits his answers to the questionnaire within the time for objecting to this recommendation, or some other deadline set by the court. The claims of Mary McGee and Daniel Isaiah McGee should be dismissed without prejudice.

**SO RECOMMENDED on this 11th day of April, 2016.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

   A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                   *[signature]*
                   IRMA CARRILLO RAMIREZ
                   UNITED STATES MAGISTRATE JUDGE